**CITY OF MARYSVILLE, Appellee,**

v.

**FOREMAN, Appellant.**

[Cite as *Marysville v. Foreman* (1992), 78 Ohio App.3d 118.]

Court of Appeals of Ohio,
Union County.

No. 14–91–44.

Decided April 30, 1992.

*Michael J. Grigsby*, City Prosecutor, for appellee.
*Daniel E. Shifflet*, for appellant.

HADLEY, Presiding Judge.

This is an appeal from a September 4, 1991 entry of the Marysville Municipal Court overruling the motion for a new trial filed by the defendant-appellant, Leslie S. Foreman.

The record indicates that at about 1:50 a.m. on May 21, 1991, appellant was operating his van on Main Street in Marysville between thirty-five and forty miles per hour in a twenty-five-mile-per-hour zone and that a law enforcement officer observed the vehicle swerve from the right edge of the roadway to just left of center and back to the right again. The officer stopped the van and

noticed that there was an odor of alcohol about appellant. When asked if he had been drinking, appellant stated that he had had a couple. Field sobriety tests were administered and appellant performed poorly in the walk-and-turn test and the one-leg-stand test. "All six clues were present" when appellant was given the horizontal gaze nystagmus test. The officer concluded that the appellant was under the influence of alcohol and placed him under arrest.

Appellant was transported to the police department and, after signing a consent form, he submitted to a breath test with a BAC Verifier, resulting in a reading of .182 grams of alcohol per two hundred ten liters of breath.

Appellant was arraigned on May 22, 1991, for violation of Marysville Code 333.01(A)(1), operating under the influence of alcohol, and Marysville Code 333.01(A)(3), prior violation. Represented by attorney John Dailey, Jr., he entered a plea of not guilty and filed a written demand for a jury trial and for discovery. Trial was scheduled for June 28, 1991. Also, on May 22, 1991, appellant filed a written "WAIVER OF JURY TRIAL" which stated, "The defendant hereby waives trial by jury and withdraws the written request for JURY TRIAL previously filed herein and consents to disposition of this case by the Court without Jury upon: Bench Trial."

On June 10, 1991, attorney Dailey filed a motion to suppress certain evidence "for the reason the arresting officer did not have probable cause to make the arrest for the crime charged."

On June 17, 1991, a second "WAIVER OF JURY TRIAL," with the same language as the previous waiver, was filed with attorney Dailey's signature.

On June 21, 1991, appellant contacted attorney Daniel E. Shifflet to see if he would represent him in place of Dailey. Shifflet advised appellant that he was going on vacation and would not return until July 14, 1991, and, therefore, would not represent appellant unless he could get the trial continued again to a date after the scheduled July 15 trial date.

A subsequent entry reflects that on June 26, 1991, the trial court continued the trial to July 15, 1991, upon the appellant's request, reciting further that: "Mr. Dailey permitted to withdraw. No further continuances to be granted for any reason."

On July 15, 1991, appellant appeared for the scheduled trial and advised the court that he was not ready to proceed because he did not have an attorney to represent him. Appellant stated that Shifflet was going to represent him but could not be there that day for trial and that on July 1 appellant tried to contact the court with dates that Shifflet would be available for trial. The court reminded appellant that the court had previously told him that the matter would not be continued to accommodate Shifflet's schedule and pro-

ceeded to try the case immediately without counsel being present for appellant. Witnesses, including the appellant, were given the oath.

The court pointed out for the record that the jury trial had been waived. Appellant stated that the waiver had been filed by Dailey and that he had not intended to waive his right to trial by jury. The court advised the appellant that the prior jury waiver would stand and the matter would proceed as a trial to the court only.

After the city rested its case, appellant stated that he did not have any legal counsel so he did not have any comment. The court then found, in regard to the motion to suppress, that there had been probable cause to stop the appellant originally, and that there was sufficient evidence to find the appellant guilty on the OMVI charge, and proceeded to sentence the appellant, who again had no statement to make on his own behalf. Appellant was sentenced to ninety days in jail with forty-six days suspended. He was also fined $1,500 plus costs, with $300 suspended; his driving privilege was suspended for three years; and he was placed on probation for three years.

On July 25, 1991, attorney Shifflet appeared on behalf of appellant by filing a motion for a new trial pursuant to Crim.R. 33, on the grounds of "1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial; * * * 5) Error of law occurring at the trial; [and] 6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."

The motion for the new trial was overruled and this appeal resulted, setting forth two assignments of error:

### Assignment of Error No. 1

"The trial court erred in compelling the appellant to stand trial without legal counsel in violation of appellant's constitutional right to counsel."

Appellant states that the trial court made no effort to provide appellant with counsel or make sufficient inquiry of the appellant to see if appellant fully understood and intelligently waived his right to counsel, and that at no time did appellant waive his right to counsel. Appellant states further that he has been denied the effective assistance of counsel because his lawyer had no opportunity to investigate and prepare his case and he was compelled to proceed without counsel. We disagree.

Appellant made no request for the appointment of counsel, nor indicated by affidavit or otherwise that he was indigent. Nor is this a case of an unintelligent waiver of counsel. In fact, appellant has indicated that he had the means to employ counsel of his own and did have counsel until counsel

withdrew on June 26, 1991. At that time, appellant was informed that he would not be permitted any further continuances. If Shifflet informed appellant on June 21, 1991 that he would not be available to represent appellant until after July 15, appellant should have immediately proceeded to obtain other counsel to represent him. The record does not indicate that he made any such effort or that he attempted to have the trial court adjust its schedule to Shifflet, who made no formal appearance until after he was formally employed on July 16, 1991, one day after the scheduled trial date. The error was on the part of the appellant and does not amount to an abuse of discretion by the trial court. The first assignment of error is overruled.

### Assignment of Error No. 2

"The trial court erred in proceeding with a bench trial when the appellant had demanded a trial by jury."

■ Appellant, for this assignment, states that a waiver of a jury trial is ineffective without a showing that the defendant did so knowingly, intelligently and voluntarily. In addition, appellant states that he had withdrawn his waiver and that since the waiver was originally filed without his approval and he was without counsel during the period immediately prior to the trial, it was error for the trial court to proceed to trial without a jury as demanded by appellant.

The issue regarding the appellant's being without counsel is discussed under Assignment of Error No. I. The record shows that, in conjunction with his arraignment, the appellant and his attorney did demand a jury trial in accordance with Crim.R. 23. On May 22, 1991, appellant signed and filed a waiver of his previously filed written request for jury trial. During this period he was still represented by counsel. In addition, appellant's counsel on June 17, 1991, also filed a written waiver of jury trial. At the trial, appellant acknowledged that he "did sign a bunch of papers the first time I saw Mr. Dailey, in the courtroom." While appellant now claims that he did not intend to waive his right to jury trial, the record thus reflects otherwise. There are two waivers filed on behalf of appellant while he was represented by counsel, one bearing his signature and both specifically requesting a bench trial. *State v. Jells* (1990), 53 Ohio St.3d 22, 559 N.E.2d 464, provides that while it may be better practice to enumerate all the possible implications of a waiver of a jury trial, there is no requirement that a defendant be interrogated to determine if he has properly been apprised of his right to a jury trial. Where there is a written waiver filed with the court after arraignment and opportunity to consult with counsel, there has been a substantial compliance with the applicable rules and statutes and there is no error.

■ R.C. 2945.05 provides that a waiver of a jury trial may be withdrawn by a defendant at any time before the commencement of a trial. However, Crim.R. 23 provides that a demand for a jury trial must be made in writing and filed with the court not less than ten days prior to the date set for trial or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as required is a complete waiver. This provision tends to indicate that timeliness in the request is essential so that courts are not surprised with jury demands at the last minute and undue burdens are not placed upon the courts and jurors who might be summoned for the trials without adequate warning. Any withdrawal of a jury waiver should, therefore, be made in a reasonable time under the circumstances. A withdrawal of a waiver before trial is preferable so that proper preparations can be made for the jurors' presence.

■ In this case, the issue regarding the withdrawal of the jury waiver did not arise until after witnesses had been sworn and the trial had, in effect, commenced. Appellant then orally informed the trial court that he had not intended to waive trial by jury. We find that such a withdrawal is not timely or effectively made and that the trial court did not abuse its discretion in proceeding with the bench trial as had been requested. The second assignment of error is overruled and the judgment of the trial court affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.