OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Michael Cossack, appeals the decision of the County Court, Area #4, Mahoning County, Ohio, that found him guilty of four counts of telecommunications harassment in violation of R.C. 2917.21(B) and sentenced him accordingly. Cossack raises three issues on appeal, and because they are meritless, the trial court's decision is affirmed.
 {¶ 2} First, Cossack argues that the trial court violated his constitutional right to a jury trial by not recognizing his oral withdrawal of his jury trial waiver rights. But while a defendant may orally withdraw a jury trial waiver, he must do so in a reasonable time before trial. Cossack attempted to withdraw his waiver immediately prior to trial, which was an unreasonable amount of time before trial, so the trial court did not need to accept that withdrawal of his jury trial waiver.
 {¶ 3} Second, Cossack argues he was denied the effective assistance of counsel because his counsel was unprepared for trial and that the trial court abused its discretion by not granting a continuance. Although we may have granted the continuance, the trial court did not abuse its discretion since it had valid reasons for denying the continuance. Further, counsel was not ineffective since Cossack was not prejudiced by counsel's actions.
 {¶ 4} Third, Cossack claims he was prejudiced by the prosecutor's failure to provide a requested bill of particulars. But a bill of particulars only needs to give the defendant the specific nature of the offense charge and the conduct of the defendant alleged to constitute the offense. In this case, that information was contained in the complaint. Thus, the prosecution's failure to provide the requested bill of particulars was harmless.
 Facts {¶ 5} Cossack was charged with four counts of telecommunications harassment of his ex-girlfriend, Diane Gbur, with whom he had a child. The first offense allegedly occurred in January 2002, the second in March 2002, the third in September 2002, and the fourth in October 2002. Complaints were filed for each offense, resulting in four different case numbers. Cossack's original trial counsel filed both a jury demand and a request for discovery in August 2002. Then, prior to the filing of the third complaint against Cossack, counsel requested a bill of particulars in September 2002.
 {¶ 6} After the third complaint was filed against Cossack, he entered into a plea agreement wherein he pled guilty to the three pending counts of telecommunications harassment. As part of the plea agreement, Cossack waived his right to a jury trial. The trial court then entered an order attempting to resolve the problems between Cossack and Gbur by giving Cossack a specific time to speak to his son over the phone.
 {¶ 7} After Cossack committed his fourth offense, he moved to vacate his plea and his counsel moved to withdraw. The trial court granted both motions and the matter proceeded to a bench trial.
 {¶ 8} On the day of the scheduled bench trial, Cossack attempted to orally withdraw his jury trial waiver. He also moved for a continuance because his new trial counsel was unprepared. According to counsel, he was only informed he was to represent Cossack one week prior to the scheduled trial date.
 {¶ 9} The trial court denied Cossack's motion to continue and rejected his attempt to withdraw his jury trial waiver. The matter was immediately tried to the trial court. At the conclusion of the trial, the court found Cossack guilty of all four offenses and sentenced him accordingly.
 Demand for Jury Trial {¶ 10} In his first of three assignments of error, Cossack argues:
 {¶ 11} "The trial court erred in denying Appellant his constitutional right to a jury trial in that Appellant effectuated a valid withdrawal of his waiver of jury trial in accordance with R.C. 2945.05."
 {¶ 12} According to Cossack, Crim.R. 23(A) requires that an initial demand for a jury trial be in writing and R.C. 2945.05
requires that a waiver of the right to a jury trial be in writing. But he claims there is no such requirement regarding the withdrawal of a waiver of the right to a jury trial. Since he told the trial court prior to trial that he wanted a jury trial, he believes the trial court erred by not granting his oral request to withdraw his waiver of his right to a jury trial.
 {¶ 13} R.C. 2945.05 allows a criminal defendant to waive his right to a jury trial. It provides:
 {¶ 14} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: `I____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'
 {¶ 15} "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may bewithdrawn by the defendant at any time before the commencement ofthe trial." (Emphasis added).
 {¶ 16} In State v. Perry (Aug. 19, 1997), 11th Dist. No. 94-T-5165, the appellate court concluded that a defendant may properly withdraw his jury trial waiver through an oral motion prior to trial. We agree. The statute requires that the waiver must be in writing, but contains no such requirement when a defendant withdraws that waiver. We will not force a defendant to withdraw his jury trial waiver in writing when the statute providing for the waiver does not require as much.
 {¶ 17} But the fact that a defendant may withdraw his jury trial waiver orally does not mean that he can do so at any time. A trial court does not need to accept a withdrawal of a jury trial waiver if it is not made "in a reasonable time under the circumstances." Marysville v. Foreman (1992),78 Ohio App.3d 118, 123.
 {¶ 18} "R.C. 2945.05 provides that a waiver of a jury trial may be withdrawn by a defendant at any time before the commencement of a trial. However, Crim.R. 23 provides that a demand for a jury trial must be made in writing and filed with the court not less than ten days prior to the date set for trial or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as required is a complete waiver. This provision tends to indicate that timeliness in the request is essential so that courts are not surprised with jury demands at the last minute and undue burdens are not placed upon the courts and jurors who might be summoned for the trials without adequate warning. Any withdrawal of a jury waiver should, therefore, be made in a reasonable time under the circumstances. A withdrawal of a waiver before trial is preferable so that proper preparations can be made for the jurors' presence." Id.
 {¶ 19} The court in Foreman decided that the defendant in that case did not withdraw his waiver in a reasonable time since he did so after the witnesses had been sworn. The court reasoned that by that time the trial had already commenced. Thus, it held that the defendant's withdrawal was "not timely or effectively made and that the trial court did not abuse its discretion in proceeding with the bench trial as had been requested." Id.
 {¶ 20} In this case, Cossack asserted his right to a jury trial just before the first witness was sworn in. This was not sufficient time to ensure "that proper preparations can be made for the jurors' presence." Thus, the trial court did not need to accept his untimely attempt to withdraw his jury trial waiver. Cossack's arguments to the contrary are meritless.
 Ineffective Assistance of Counsel {¶ 21} In his second assignment of error, Cossack argues:
 {¶ 22} "The trial court's failure to grant a continuance violated Appellant's Sixth Amendment right to effective assistance of counsel resulting in a denial of substantive due process pursuant to the Sixth Amendment of the U.S. Constitution."
 {¶ 23} Cossack claims the trial court abused its discretion by forcing him to go to trial since his counsel claimed that he was not prepared to go to trial at that time. He believes the trial court's decision denied him the effective assistance of counsel. He also argues that his counsel was ineffective for failing to file a written withdrawal of his jury trial waiver.
 {¶ 24} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 687. Ineffectiveness is demonstrated by showing that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. State v. Hamblin (1988),37 Ohio St.3d 153. To establish prejudice, a defendant must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.Strickland at 694. A reasonable probability must be a probability sufficient to undermine confidence in the outcome of the case. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. State v. Smith
(1985), 17 Ohio St.3d 98.
 {¶ 25} Cossack's second argument within this assignment of error is meritless because Cossack could have orally withdrawn his waiver if he had done so in a timely fashion. See Perry.
His counsel was not ineffective for not doing in writing what Cossack himself could have done orally.
 {¶ 26} Turning to Cossack's second assignment, the granting of a continuance is generally a matter for the trial court's broad discretion, and a refusal to grant a continuance does not constitute grounds for reversal unless the trial court abuses that discretion. State v. Bayless (1976), 48 Ohio St.2d 73,101. An abuse of discretion connotes more than an error of law or of judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157. "Whether the court has abused its discretion depends upon the circumstances, `particularly * * * the reasons presented to the trial judge at the time the request is denied.'"State v. Powell (1990), 49 Ohio St.3d 255, 259, quoting Ungarv. Sarafite (1964), 376 U.S. 575, 589.
 {¶ 27} Immediately prior to trial, defense counsel indicated that he was unprepared to go to trial and moved for a continuance. According to the statements he made to the trial court, he was appointed as counsel on June 5, 2003. At that time, the case was set for a bench trial on June 26, 2003. The trial court stated that it changed the date at defense counsel's request and set the matter for a trial on the 19th, but that this date was also not convenient for defense counsel. The court then stated that it rescheduled the case again for June 12, 2003, and that it did not want to grant a continuance since the defendant had not waived his speedy trial rights. After this, the trial court and the parties had "lengthy discussions" off the record, which the trial court at one point indicated may have taken about thirty minutes. The trial court then denied the motion for a continuance.
 {¶ 28} It appears the trial court's concern about Cossack's speedy trial rights were well-founded. It is not clear when Cossack was arrested for any of his offenses, but his initial appearances in court were on February 11, 2002, for his first offense, September 16, 2002, for his second and third offenses, and October 28, 2002, for his fourth offense. Each of the crimes Cossack was alleged to have committed was a first degree misdemeanor, meaning the State had ninety days to bring him to trial. R.C. 2917.21; 2945.71(B)(2). Cossack's trial date was set for June 2003, much more than ninety days after his speedy trial time limits began to run. Of course, that time had been tolled for various reasons during that time, but the trial court's concerns about violating Cossack's speedy trial rights were legitimate. Cossack's counsel did not attempt to alleviate the trial court's concerns at the time it was making its decision. While we may not have made the same choice when confronted with this situation, we cannot say the trial court abused its discretion by denying the continuance.
 {¶ 29} Furthermore, Cossack was not prejudiced by his counsel's state of preparedness. Cossack was charged with four counts of telephone harassment. The State presented two witnesses. The first, a police officer, mainly provided chain-ofevidence testimony. The second, Gbur, identified tapes of the harassing phone calls and provided all of the damaging testimony. Cossack's attorney cross-examined each of these witnesses and attempted to establish that Cossack did not threaten Gbur, her husband, or her son. But Gbur's testimony was that Cossack made these threats and that she did not get the threats on tape. Cossack did not provide any evidence contradicting this testimony and it would have been difficult for him to have done so. Thus, counsel could not have done much more to defend his client, even if he did have more time to prepare.
 {¶ 30} In conclusion, the trial court had legitimate reasons for not granting a continuance. Even though defense counsel said he was not prepared and Cossack was attempting to withdraw his jury trial waiver, the trial court was concerned about violating Cossack's speedy trial rights. In addition, the witnesses were present and ready to testify. Thus, the trial court did not err when it refused to grant a continuance. Furthermore, the trial court's action did not deny Cossack the effective assistance of counsel; there is not a reasonable possibility that the outcome would have been any different. For these reasons, Cossack's second assignment of error is meritless.
 Bill of Particulars {¶ 31} In his third assignment of error, Cossack argues:
 {¶ 32} "The trial court violated Appellant's right to substantive due process in that Appellant was forced to trial without the State of Ohio furnishing a bill of particulars in accordance with Criminal Rule 7(E)."
 {¶ 33} Cossack claims he never received a requested bill of particulars and that a bill of particulars would have answered many questions raised by the "boilerplate" language contained in the complaint and that this would have aided him in the preparation of his defense.
 {¶ 34} A prosecutor clearly errs if he does not provide a criminal defendant with a bill of particulars after a timely request. State v. Chinn, 85 Ohio St.3d 548, 568-569. But such an error does not automatically result in a reversal of a subsequent conviction. We may only reverse a conviction for a failure to provide a timely requested bill of particulars if the defendant demonstrates that his "lack of knowledge concerning the specific facts a bill of particulars would have provided him actually prejudiced him in his ability to fairly defend himself." Id. at 569; State v. Brown (1993), 90 Ohio App.3d 674, 682.
 {¶ 35} A bill of particulars "is not designed to provide the accused with specifications of evidence or serve as a substitute for discovery." State v. Sellars (1985), 17 Ohio St.3d 169,171. Its sole purpose is "to elucidate or particularize the conduct of the accused alleged to constitute the charged offense." Id. Thus, it must only set up the specific nature of the offense charge and the conduct of the defendant alleged to constitute the offense. Crim.R. 7(E). Given the fact that a bill of particulars only contains limited information, a defendant is not prejudiced if the charging instrument provides him with all pertinent information and properly advises him as to the time, place, nature, and substance of the harm allegedly inflicted.Brown at 682.
 {¶ 36} In this case, Cossack knew the nature of both the charged offenses and the conduct that constituted those offenses. The complaints set out the specifics of the different offenses, so Cossack knew the elements of the crimes he was being charged with committing. And Cossack clearly knew what the factual basis of the charges were since he discussed them in great detail at a September 16, 2002, hearing. Thus, even if the prosecutor did not give Cossack a bill of particulars, Cossack cannot demonstrate that he was prejudiced. Cossack's third assignment of error is meritless.
 Conclusion {¶ 37} For the foregoing reasons, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.