DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Donald D. Flanders, appeals his conviction in the Lorain County Court of Common Pleas. We affirm.
 {¶ 2} At approximately 2:00 a.m. on September 16, 2006, nineteen-year-old Kristian Wright received treatment in the emergency room at Lorain Community Health Partners for a broken jaw. Defendant, who was Ms. Wright's boyfriend at the time, was indicted on one charge of felonious assault in violation of R.C. 2903.11(A)(1). On December 12, 2007, Defendant appeared in court and waived his right to a trial by jury and the trial court heard opening statements. At that point in the proceedings, however, the trial court continued the trial until a date mutually agreeable to the State and Defendant. Trial resumed on January 9, 2008, and before the State called its first witness, Defendant informed the trial court that he wanted to assert his right to a jury trial. The trial court construed his request as a motion for a mistrial and denied it because trial to the bench had already commenced. *Page 2 
 {¶ 3} The trial court found Defendant guilty of felonious assault and, on March 20, 2008, sentenced him to a four-year prison term. Defendant timely appealed, raising two assignments of error.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN REFUSING TO ALLOW DEFENDANT-APPELLANT TO RETRACT HIS JURY WAIVER AFTER OPENING STATEMENTS BUT PRIOR TO THE FIRST WITNESS BEING SWORN IN, AND PRIOR TO THE INTRODUCTION OF ANY EVIDENCE."
 {¶ 4} Defendant's first assignment of error is that the trial court erred by denying his motion to withdraw his waiver of the right to trial by jury. Defendant has not argued that the trial court failed to strictly comply with the requirements of R.C. 2945.05 in accepting his waiver in the first instance.
 {¶ 5} R.C. 2945.05 provides:
 "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. ***
 "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."
A defendant must withdraw his waiver of the right to jury trial within a reasonable time as determined by the surrounding circumstances.State v. Cossack, 7th Dist. No. 03 MA 110, 2005-Ohio-2784, at ¶ 17, citing Marysville v. Foreman (1992), 78 Ohio App.3d 118, 123. "[T]he fact that a defendant may withdraw his jury trial waiver orally does not mean that he can do so at any time." Cossack, at ¶ 17.
 {¶ 6} Citing the provisions of Crim. R. 23 applicable to petty offenses in which the defendant has the right to a jury trial, theForeman court explained that a withdrawal before trial *Page 3 
commences is required because "[t]his provision tends to indicate that timeliness in the request is essential so that courts are not surprised with jury demands at the last minute and undue burdens are not placed upon the courts and jurors who might be summoned for the trials without adequate warning." Foreman, 78 Ohio App.3d 118 at 123. InCossack, the Seventh District Court of Appeals applied this rationale to a defendant charged with an offense classified as a first-degree misdemeanor or fifth-degree felony. Cossack, 2005-Ohio-2784, at ¶ 1 and ¶ 13-20. In that case, the Court concluded that a defendant who asserted his right to a jury trial before the first witness was sworn was untimely because the motion did not allow the trial court "sufficient time to ensure `that proper preparations can be made for the jurors' presence.'" Id. at ¶ 20, quoting Foreman at 123.
 {¶ 7} As in Cossack, trial to the bench had commenced in this case when Defendant attempted to reassert his right to trial by jury, and the trial court did not err by denying his motion. The record reflects that the trial court informed Defendant of his right to a trial by jury and the consequences of waiving the right; that Defendant took advantage of his opportunity to consult with counsel regarding waiver; and that Defendant affirmatively waived the right in open court. The trial court heard opening statements following Defendant's execution of the waiver and continued the presentation of evidence at a date agreed upon by the parties. Although Defendant's motion came immediately before the first witness was sworn, trial had commenced and the request did not permit the trial court sufficient time to empanel a jury and proceed with trial. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH AND FOURTEENTH AMENDMENTS *Page 4 
TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO."
 {¶ 8} Defendant's second assignment of error is that his conviction for felonious assault is based on insufficient evidence and is against the manifest weight of the evidence. Defendant notes that the victim in this case did not testify and challenges the credibility of the witnesses who identified him as her assailant.
 {¶ 9} When reviewing a trial court's denial of a Crim. R. 29 motion, this Court assesses the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, we must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano (1996), 115 Ohio App.3d 646,653. "In essence, sufficiency is a test of adequacy." State v.Thompkins, 78 Ohio St.3d 380, 386.
 {¶ 10} A challenge to the weight of the evidence presents a different question. "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). This court reviews a manifest weight challenge to a conviction that results from trial to the bench according to the same standard of review applicable to all criminal cases. State v.Collier, 9th Dist. No. 07CA009115, 2008-Ohio-826, at ¶ 3-4. Consequently, this Court does not view the evidence in the light most favorable to the State, but:
 "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest *Page 5 
miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. The conclusion that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency.State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
 {¶ 11} Defendant was convicted of felonious assault in violation of R.C. 2903.11(A)(1), which prohibits any person from knowingly causing serious physical harm to another. Serious physical harm includes "any physical harm that carries a substantial risk of death"; involves permanent incapacity or disfigurement or temporary substantial incapacity or disfigurement; or that involves "acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 12} Dorothea Jewells, who is Kristian Wright's sister, testified that she attended a birthday party for Rachele Brown with Ms. Wright on September 16, 2006. Ms. Jewells recalled that her sister's boyfriend, whom she knew as "Demetrius," also attended the party, and she confirmed that Defendant and "Demetrius" were the same individual. According to Ms. Jewells' testimony, Defendant was asked to leave the party, and he ended up in an altercation with Ms. Wright outside. Ms. Jewells testified that from approximately twenty feet away, she saw Defendant strike Ms. Wright's face more than once. She accompanied Ms. Wright to the emergency room, where Ms. Wright was diagnosed with a broken jaw. Ms. Jewells testified that her sister's mouth was wired shut for two months, during which she assisted with her care. *Page 6 
 {¶ 13} Ms. Jewells acknowledged that she had been drinking heavily on the evening of the party, but denied that her alcohol consumption affected her ability to accurately perceive the events that occurred that night. She also admitted that she and Defendant had a close relationship that did not develop romantically because he started dating her sister, but she denied that her testimony was motivated by residual hard feelings over the turn of events.
 {¶ 14} Rachele Brown is Ms. Jewells' best friend. She testified that the party on September 16, 2006, was given in honor of her birthday at an apartment occupied by another. Ms. Brown stated that she had known Defendant for ten or eleven years and identified him in court. During the course of the evening, Defendant and Ms. Wright argued:
 "Well, it started inside. They got into a little confrontation, verbal, just talking, and we told [Defendant] to leave. He left. We go outside. I go take the garbage out to the dumpster. By the time I walked back, they were fighting.
 "***
 "I seen him hit her. She was, like, trying to protect herself, like backing up and all that stuff."
Ms. Brown recalled that Defendant struck Ms. Wright with his hands and his fists. According to Ms. Brown's testimony, she witnessed the altercation between Defendant and Ms. Wright from approximately four feet away.
 {¶ 15} Like Ms. Jewells, Ms. Brown acknowledged that she had been drinking heavily during the party, but denied that her ability to accurately perceive the events that occurred had been impaired. She also denied that her testimony was influenced by Defendant's one-time relationship with Ms. Jewells. Ms. Brown admitted that she did not include the fact that Defendant struck Ms. Wright in an earlier statement to police.
 {¶ 16} Officer Kyle Gelenius, of the Lorain Police Department, responded to the Windgate Apartments at 1:31 a.m. on September 16th. He characterized Ms. Wright as "very *Page 7 
upset *** crying, very animated" and explained that before he began questioning her, she volunteered the information that "her boyfriend, Donald Flanders, beat her up." He testified that Ms. Wright had "two large bumps on her forehead area, and she was also complaining *** that her jaw hurt." He recalled, however, that Ms. Wright was able to communicate verbally at the scene.
 {¶ 17} Meghan Lacey, a registered nurse, treated Ms. Wright in the emergency room at Lorain Community Health Partners. Ms. Lacey testified that she examined Ms. Wright at 2:05 a.m., and described her injuries as a contusion to the face and a closed fracture to the mandible and jaw joint that left her unable to open her mouth. According to Ms. Lacey's treatment notes, Ms. Wright stated during the course of her examination that "my boyfriend beat me up."
 {¶ 18} Defendant, who testified in his own defense, admitted that he was at Ms. Brown's birthday party, but stated that he left the party between 11:30 p.m. and 12:00 a.m. He testified that alcohol and marijuana were being used at the party, and admitted that he had smoked some marijuana during the course of the evening. Defendant explained that he left the party because he perceived that Ms. Jewells "didn't like [his] attitude," which he attributed to jealousy over his relationship with Ms. Wright. Defendant denied that he struck Ms. Wright and testified that he became aware of her injuries when she called him the next day.
 {¶ 19} Having reviewed the evidence presented to the trial court and the reasonable inferences that may be drawn therefrom, this Court cannot conclude that Defendant's conviction for felonious assault is against the manifest weight of the evidence. Regardless of the fact that the victim did not testify at trial, two eyewitnesses who were familiar with Defendant described the incident in detail and identified Defendant as the individual who struck Ms. Wright. Although Defendant hypothesized that Ms. Jewells and Ms. Brown might have fabricated their *Page 8 
testimony out of jealousy, this theory finds no support in the record, and Defendant offered no explanation for Ms. Wright's own statements that identified him as the assailant.
 {¶ 20} This is not the rare case in which the weight of the evidence requires this Court to reverse Defendant's conviction and remand for a new trial. Having concluded that Defendant's conviction is not against the manifest weight of the evidence, it follows that his conviction is supported by sufficient evidence as well. Roberts at *2. Defendant's second assignment of error is overruled.
 {¶ 21} Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 9 
Costs taxed to Appellant.
 MOORE, P. J., DICKINSON, J. CONCUR. *Page 1