OPINION
{¶ 1} Pro se defendant-appellant, John Hafner, appeals from a Carroll County Common Pleas Court judgment overruling his motion for a suspension of fines and court costs.
 {¶ 2} This appeal stems from three separate criminal cases.
 {¶ 3} In the first case (00-CR-4111), appellant was convicted of two counts of breaking and entering, one count of possession of criminal tools, and one count of receiving stolen property. All counts were fifth degree felonies. The court entered judgment and sentenced appellant on June 30, 2000. It sentenced appellant on each of the four counts to 12 months in prison (to be served concurrently), to pay a fine of $2,500, and to pay court costs. On one of the counts of breaking and entering, the court also ordered appellant to pay $180 in restitution. The court suspended appellant's entire prison sentence and placed him on five years of community control. The court also suspended all of appellant's fines, except for $100 on each count, so that he only owed $400 in fines. On February 1, 2001, the court found that appellant violated his probation by engaging in criminal activity. Therefore, it re-imposed appellant's sentence, reduced the original fines to $1,000 on each count and re-imposed these fines.
 {¶ 4} In the second case (02-CR-4400), appellant was convicted of breaking and entering, a fifth degree felony, and theft, a fourth degree felony. The court entered judgment and sentenced appellant on February 21, 2003. It sentenced him to 12 months of incarceration for each count to be served consecutively. Additionally, it order appellant to pay $200 in restitution and to pay court costs.
 {¶ 5} In the third case (02-CR-4418), appellant was convicted of burglary, a fourth degree felony. The court sentenced appellant on February 21, 2003, to 12 months of incarceration to be served concurrently with his sentence in case 02-CR-4400. Additionally, it ordered appellant to pay court costs.
 {¶ 6} On October 28, 2004, approximately three-and-a-half years after the court re-imposed his sentence in case 00-CR-4111 and one-and-a-half years after the court sentenced him in the other two cases, appellant filed motions to vacate payment of fines and/or court costs in all three cases. In his motions, appellant argued that the payment of fines and costs would cause him an undue hardship because he has no means to pay them. He noted that he was serving a two-year prison sentence and, upon his release, he would be in severe financial distress due to the cost of re-establishing himself into the community. He also attached his affidavit stating that he had no income or assets. The court overruled the motions that day.
 {¶ 7} Appellant filed his notice of appeal on November 23, 2004.
 {¶ 8} Appellant raises one assignment of error, which states:
 {¶ 9} "The trial court abused its discretion when it denied the defendant-appellant the suspension of fines and/or court costs without making specific findings regarding his ability to pay."
 {¶ 10} Appellant argues that the court erred in failing to grant his motion to suspend fines and court costs due to his inability to pay them. He claims that since the court found him indigent and appointed him counsel, it knew he could not afford costs and fines. He claims that the court should have provided him the opportunity to demonstrate that he could not afford to pay the fines and costs.
 {¶ 11} The proper time to appeal the court-ordered fines and costs would have been on a direct appeal from the sentencing judgment entries, as the fines and costs were a part of appellant's sentence. State ex rel. Logue v. Fregiato, 7th Dist. No. 04-BE-26, 2004-Ohio-4289, at ¶ 7. Instead, appellant is attempting to use his appeal from the motions to vacate as a backdoor attempt to appeal his sentence. Appellant has waived this issue on appeal.
 {¶ 12} Furthermore, even if this was a timely appeal of his sentence, appellant has not included a transcript in the record of any of his sentencing hearings as required by App.R. 9. It is an appellant's responsibility to provide this court with a record of the facts, testimony, and evidence in support of his assignments of error. State v. Funkhouser, 7th Dist. No. 02-BA-4, 2003-Ohio-697, at ¶ 13. Because appellant has not submitted transcripts of the sentencing proceedings, even if this appeal was timely, we could not determine whether or not the court acted properly when it originally sentenced appellant.
 {¶ 13} Accordingly, appellant's assignment of error is without merit.
 {¶ 14} For the reasons stated above, the trial court's decision is hereby affirmed.
Waite, J., concurs. DeGenaro, J., concurs.