[Cite as *Shadyside v. Givens*, 2021-Ohio-1375.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

VILLAGE OF SHADYSIDE,

Plaintiff-Appellee,

v.

GREG P. GIVENS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 BE 0046**

---

Criminal Appeal from the
County Court, Eastern Division of Belmont County, Ohio
Case No. 18CRB00381

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Thomas Ryncarz,* 3713 Central Avenue, Shadyside, Ohio 43947, for Plaintiff-Appellee and

Greg Givens (PRO SE), P.O. Box 117, Bellaire, Ohio 43906, for Defendant-Appellant.

Dated:

April 2, 2021

**DONOFRIO, J.**

{¶1}    Defendant-appellant, Greg Givens, appeals from a Belmont County Court, Eastern Division judgment finding him guilty of violating the Village of Shadyside's tall-weed ordinance, following a bench trial.

{¶2}    On July 10, 2018, a Shadyside police officer issued two citations to appellant.  The first citation stated that appellant allowed "noxious weeds which exceeds six inches in height" in violation of Shadyside Ordinance 521.12(b).  The second citation stated that appellant violated Shadyside Ordinance 521.13(b)(2), which provides that no person shall store, collect, park, leave, allow to remain in a yard vehicles that are not properly licensed.

{¶3}    On July 31, 2018, appellant entered a not guilty plea to the charges and opted to proceed to trial.  Appellant proceeded pro se.  On August 8, 2018, appellant filed motions for a bill of particulars, to dismiss the charges, for a pretrial conference, and for discovery.  He also filed a notice of intention to use copies of public records that day.  On August 13, 2018, appellant filed a notice of appeal with the trial court (although there was no judgment entry to appeal from).  And on the day of trial, appellant filed a motion to dismiss, motion for enlargement of time, and notice for exhibits and witnesses at trial.

{¶4}    The matter proceeded to trial on August 16, 2018.  The court overruled appellant's pending motions finding that appellant's motions were untimely.  The court also stated that it took appellant's notice of exhibits and witnesses at trial into consideration.  It found appellant guilty of "count one" and dismissed "count two."  But the court did not identify which citation was count one and which was count two.  Thus, it was somewhat unclear which violation the court convicted appellant of.  It fined appellant $100 and ordered court costs of $95.  The court suspended both the fine and the court costs on the condition that appellant clean up his property by September 4, 2018.

{¶5}    Appellant filed a timely notice of appeal on August 24, 2018.  This court sua sponte found that the trial court's August 16, 2018 judgment entry was not a final appealable order because it did not identify the offense appellant was convicted of.  We

Case No. 18BE0046

held the appeal in abeyance and remanded it to the trial court with instructions to enter a final appealable order.

{¶6} The trial court subsequently entered a nunc pro tunc entry stating that appellant was convicted of the noxious weed violation and that the court dismissed the vehicle violation.

{¶7} Appellant, still proceeding pro se, now raises eight assignments of error.

{¶8} Appellant's first assignment of error states:

ORIGINATING COURT'S ENTRIES DO NOT INDICATE THE NAME OF THE OFFENSE, NOR DOES IT CONTAIN A CODE SECTION, OR DEGREE OF OFFENSE OF DEFENDANT.

{¶9} Appellant argues that the judgment entry of conviction does not contain the name and degree of the offense of which he was convicted.

{¶10} As stated above, the initial judgment entry of conviction only stated that appellant was found guilty of "count one." It did not specify the offense. But after this court identified the problem, we issued a limited remand to the trial court to remedy it. The trial court subsequently entered a nunc pro tunc judgment entry indicating that it had convicted appellant of violating "Shadyside Ordinance No. 521.12, Failure to Keep Lands Free from Noxious Weeds Which Exceed Six Inches in Height, a minor misdemeanor." Thus, the trial court entered a proper judgment entry specifying the name and degree of the offense of which appellant was convicted.

{¶11} Accordingly, appellant's first assignment of error is without merit and is overruled.

{¶12} Appellant's second assignment of error states:

FINDING DEFENDANT IN "VIOLATION OF SHADYSIDE ORDINANCE NO. 521.12" REMOVAL OF WEEDS (SHADYSIDE)(MM), WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WHERE DEFENDANT WAS NOT PRESENT, NOR DID DEFENDANT LEGALLY

"OWN" THE PROPERTY FOR WHICH DEFENDANT WAS FOUND RESPONSIBLE FOR SAID "VIOLATION" ON JULY 10, 2018.

{¶13} Here appellant asserts the court's judgment was not supported by sufficient evidence and was against the manifest weight of the evidence. Appellant argues there was a genuine issue as to whether he owned the property in question. He argues he should not be held responsible for someone else's property.

{¶14} Appellant filed a request to have the transcripts prepared at the state's expense, which this court granted. Unfortunately, the testimony could not be transcribed due to the poor quality of the audio recording.

{¶15} Pursuant to App.R. 9(A)(4), if a transcript is not available, the appellant may use one of the transcript substitutes set out in App. R. 9(C) or 9(D). "If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." App.R. 9(A)(4).

{¶16} Appellant did not provide this court with a trial transcript substitute as required by App.R. 9. It is the appellant's responsibility to provide this court with a record of the facts, testimony, and evidence in support of his assignments of error. *State v. Hafner*, 7th Dist. Carroll No. 04-CA-813, 2005-Ohio-2782, ¶ 12.

{¶17} Because the transcript in this case was unavailable, it was appellant's responsibility to file one of the transcript substitutes as provided for in App.R. 9(C) or 9(D). He did not do so. Thus, appellant's argument in this assignment of error that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence must fail.

{¶18} Accordingly, appellant's second assignment of error is without merit and is overruled.

{¶19} Appellant's third assignment of error states:

TRIAL COURT ABUSED ITS DISCRETION BY CONCLUSION OF JUDGMENT OF GUILT TO CRIMINAL COUNT OF "VIOLATION OF SHADYSIDE ORDINANCE NO. 521.12"; TRIAL COURT FAILED TO

Case No. 18BE0046

EXPLAIN DEFENDANT WAS "WAIVING HIS RIGHT TO COUNSEL", WHERE STRICT COMPLIANCE ON CONSTITUTIONAL RIGHTS IS REQUIRED[.]"

**{¶20}** Appellant asserts here that the trial court failed to advise him that he was waiving his right to counsel.

**{¶21}** A defendant is guaranteed the right to counsel under the Sixth Amendment of the United States Constitution, only if there is the possibility of incarceration. *State v. Hale*, 7th Dist. Mahoning No. 88 C.A. 213, 1990 WL 29264 (March 20, 1990), citing *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In this case, appellant was charged with two minor misdemeanors. A minor misdemeanor only carries a maximum penalty of $100 and does not present the possibility of incarceration. Thus, appellant did not have the right to appointed counsel in this case.

**{¶22}** Accordingly, appellant's third assignment of error is without merit and is overruled.

**{¶23}** Appellant's fourth assignment of error states:

TRIAL COURT ABUSED ITS DISCRETION WITHOUT CLARIFICATION OF CHARGES BY CONCLUSION OF JUDGMENT OF GUILT TO CRIMINAL "COUNT I", "CHARGE #1" OF "PROHIBITED USES IN RESIDENCE DISTRICT"; AS TO ORIGINAL CHARGE, AMOUNTING INSTEAD TO "VIOLATION OF SHADYSIDE ORDINANCE NO 521.12, IN ERROR; *VIS-A-VIS* "COUNT II", "CHARGE #2" PF "REMOVAL OF WEEDS (SHADYSIDE), AS TO ORIGINAL CHARGE AMOUNTING TO "VIOLATION OF SHADYSIDE ORDINANCE NO. 521.12 – MM AND 521.13, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS; AND IN RULING AGAINST DEFENDANT'S MOTION(S) FOR CLARIFICATION.

**{¶24}** This assignment of error seems to re-assert appellant's argument from his first assignment of error. But appellant goes on to argue here that the testimony of a police officer demonstrated a genuine issue of material fact so that the trial court should have dismissed the charges against him.

Case No. 18BE0046

**{¶25}** As was the case in appellant's second assignment of error, however, we cannot review this assignment of error because appellant failed to provide us with a transcript substitute as required by App.R. 9. We have no way of knowing what the officer may have testified to or what the rest of the evidence demonstrated.

**{¶26}** Accordingly, appellant's fourth assignment of error is without merit and is overruled.

**{¶27}** Appellant's fifth assignment of error states:

BY TRIAL COURT RULING AND DENYING THE DEFENDANT HIS CONSTITUTIONAL RIGHT TO COUNSEL, THE TRIAL COURT HAS USURPED THE ROLE OF THE JUDICIAL BRANCH OF GOVERNMENT BY DECLARING ACTIONS OF THE OHIO ASSEMBLY NULL AND VOID, AND THE TRIAL COURT HAS EXERCISED A JUDICIAL POWER NOT CONFERRED BY THE OHIO CONSTITUTION AND RIGHTS DEFERRED BY UNITED STATES CONSTITUTION TO THE DENIAL AND DETRIMENT OF GREG GIVENS.

**{¶28}** Appellant argues the trial court denied his right to counsel. He goes on to allege that the court "limited the power of the legislative power," "passed a law that contains no standards for enforcement," and "exercised a judicial power not conferred by the Ohio Constitution." Appellant's argument here is unclear.

**{¶29}** As stated in appellant's third assignment of error, he was not entitled to court-appointed counsel because he was only charged with two minor misdemeanors and did not face the possibility of any jail time. Moreover, the record contains no indication that the trial court took any action that it was not authorized to take.

**{¶30}** Accordingly, appellant's fifth assignment of error is without merit and is overruled.

**{¶31}** Appellant's sixth assignment of error states:

TRIAL COURT ABUSED ITS DISCRETION BY *SUA SPONTE* DENYING DEFENDANT MOTION(S): MEMORANDUM & MOTION FOR BILL OF PARTICULARS; MEMORANDUM AND MOTION FOR

PREDICATE TO DISMISS CHARGES; MEMORANDUM AND MOTION FOR CONTINUANCE; NOTICE AND MOTION FOR DEMAND OF DISCOVERY AND INSPECTION, REQUEST FOR PRE-TRIAL; DEFENDANT NOTICE OF INTENTIONS TO USE COPIES OF PUBLIC RECORDS AS EVIDENCE; MEMORANDUM AND MOTION TO DISMISS CHARGES AGAINST DEFENDANT, WITH PREJUDICE; MOTION FOR ENLARGEMENT; ENDING IN *NUNC PRO TUNC*, DETERMINATION BY THE HIGHER COURT.

**{¶32}** Here appellant argues the trial court abused its discretion in denying his pretrial motions. Appellant filed nine pretrial motions. He filed five motions on August 8, 2018: (1) a request of bill of particulars; (2) motion predicate to dismiss charges; (3) request for pretrial conference; (4) motion for demand of discovery and inspection; and (5) notice of intention to use copies of public records evidence. On August 13, 2018, appellant filed a notice of appeal with the trial court. And on August 16, 2018 (the day of trial), appellant filed: (1) motion to dismiss charges against defendant with prejudice; (2) motion for enlargement of time; and (3) notice for exhibits and witnesses at trial.

**{¶33}** The trial court denied appellant's motions and requests on the basis that they were untimely. The court took into consideration appellant's notice for exhibits and witnesses at trial.

**{¶34}** Appellant initially appeared before the court on July 31, 2018, and requested a trial. The court set his trial for August 16, 2018.

**{¶35}** Pursuant to Crim.R. 12(D), all pretrial motions shall be made within 35 days after arraignment or seven days before trial, whichever is earlier.

**{¶36}** Appellant filed the first five of his motions on August 8, 2018. This was eight days before trial. Thus, those five motions were not untimely.

**{¶37}** He filed his next motion on August 13 and his last three motions on August 16, 2018. Thus, those four motions were untimely.

**{¶38}** Because five of appellant's motions were timely filed, the trial court should not have overruled on the basis of untimeliness. Nonetheless, this was harmless error.

**{¶39}** As to the motion for a bill of particulars, on appeal we may only reverse a conviction for a failure to provide a timely requested bill of particulars if the appellant

"shows that his 'lack of knowledge concerning the specific facts a bill of particulars would have provided him actually prejudiced him in his ability to fairly defend himself.'" *State v. Ray*, 12th Dist. Brown No. CA2009-06-022, 2010-Ohio-2434, ¶ 11, quoting *State v. Chinn*, 85 Ohio St.3d 548, 569, 1999-Ohio-288, 709 N.E.2d 1166.

{¶40} A bill of particulars only needs to provide the defendant with the specific nature of the offense charged and the conduct alleged to constitute the offense. *State v. Cossack*, 7th Dist. Mahoning No. 03 MA 110, 2005-Ohio-2784, ¶ 4. When that information is contained in the complaint, the failure to provide the requested bill of particulars is harmless. *Id.* The citation here alleged that on July 10, 2018, at 9:30 a.m., at his property at 3735 Highland Avenue, appellant allowed noxious weeds in excess of six inches in height in violation of Shadyside Ordinance 521.12(b). Thus, the citation provided appellant with the specific nature of the offense and the conduct alleged to constitute the offense. Consequently, the lack of a bill of particulars was harmless error.

{¶41} As to the motion predicate to dismiss charges, appellant gave no basis for why dismissal might be warranted. His motion asked the court to review the arraignment to determine whether the charges were based on probable cause. Thus, appellant did not assert any grounds for why the citation should be dismissed. Therefore, the overruling of this motion on the basis of untimeliness was harmless error.

{¶42} As to the request for pretrial conference, the motion was in substance a motion for a continuance. The decision to either grant or deny a motion to continue a criminal trial lies within the sound discretion of the trial court. *State v. Rosine*, 7th Dist. Mahoning No. 03 MA 00094, 2005-Ohio-568, ¶ 16. "In the context of the denial of a motion to continue, a mere error in judgment by the trial court is insufficient to show an abuse of discretion; instead, this standard can be satisfied only when the record demonstrates that the trial court's attitude in ruling upon the matter was arbitrary, unreasonable or unconscionable." *Id.* In this case, while the court erred in finding the motion was untimely filed, there is no indication that it acted arbitrarily, unreasonably, or unconscionably. Moreover, appellant has not demonstrated any prejudice in having to proceed to trial on the scheduled date. Thus, the overruling of this motion on the basis of untimeliness was harmless error.

Case No. 18BE0046

**{¶43}** As to the motion for demand of discovery and inspection, appellant demanded that the state provide him with all evidence it intended to use at trial. Included in the trial court record are multiple copies of photographs of the property at issue showing the overgrowth of weeds in various areas. Appellant had access to these photographs. Because appellant was only convicted here of failing to keep his weeds trimmed to below six inches, there was likely not much other evidence for the state to present. Additionally, because appellant failed to provide us with a suitable transcript substitute, we must presume the validity of the trial proceedings. Thus, the overruling of this motion on the basis of untimeliness was harmless error.

**{¶44}** As to the notice of intention to use copies of public records evidence, appellant simply stated that he intended to use evidence of the ownership of 3735 Highland Avenue and interrogatories served on the state at trial. There was no motion here for the court to rule on. Thus, there was no error.

**{¶45}** Accordingly, appellant's sixth assignment of error is without merit and is overruled.

**{¶46}** Appellant's seventh assignment of error states:

> TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT REASONABLE TIME TO PRE-TRIAL CONFERENCE AND TO CRIMINAL PROCEEDING AND PROCEDURE, AND BY VIRTUE OF ALLOWING DEFENDANT SUFFICIENT TIME AND OPPORTUNITY TO CALL WITNESSES IN HIS DEFENSE; AND ALLOWING TOO LITTLE TIME FOR PREPARATION BY DEFENSE, AND BY RUSHING DEFENDANT BY EXCESS INTO A "TOO QUICK AND SPEEDY TRIAL"[.]

**{¶47}** Appellant claims here that the trial court did not afford him with sufficient time to prepare his defense and to present eyewitnesses "in the excess" at trial.

**{¶48}** Yet again, without a transcript or proper transcript substitute, we have no way of reviewing how much time the trial court allotted appellant to present his defense or if the court limited appellant's witnesses in any way. "Without evidence to the contrary, a reviewing court must presume the regularity of the proceedings underlying the original

case." *State v. Fairchild*, 7th Dist. Mahoning No. 17 MA 0095, 2017-Ohio-9075, ¶ 7, appeal not allowed, 152 Ohio St.3d 1448, 2018-Ohio-1600, 96 N.E.3d 301, ¶ 7.

**{¶49}** Accordingly, appellant's seventh assignment of error is without merit and is overruled.

**{¶50}** Appellant's eighth and final assignment of error states:

> TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING ACCESS TO TRANSCRIPTIONIST, NAME, CONTACT INFORMATION, AND SUFFICIENT TIME AND OPPORTUNITY TO ACCESS THE COURT RECORD, AND THEREBY DENYING DEFENDANT REASONABLE TIME TO VIEW, REVIEW, REPROVE, TRANSCRIPT(S) OF THAT RECORD; AND TO MAKE SAID TRANSCRIPT(S) READILY AVAILABLE TO DEFENDANT AS TO THE PROCEEDINGS, THEREBY DENY APPELLANT THE SUFFICIENT AND TIMELY OPPORTUNITY TO PREPARATION OF A JUST AND REASONABLE REVIEW PROCESS ON APPEAL.

**{¶51}** In his final assignment of error, appellant contends he was not provided with the name of the transcriptionist nor was he provided with a reasonable opportunity to review the transcripts of his trial.

**{¶52}** As noted above, at appellant's request this court ordered a copy of the transcript at the state's expense. The court reporter indicated that the recording system could not play the testimony so she was unable to transcribe the trial testimony. After hearing the case, it came to our attention that it might still be possible to transcribe the DVD that was included in the case file. Therefore, we requested another court reporter to attempt to transcribe the DVD. After attempting to transcribe the DVD, the court reporter was unable to make a record.

**{¶53}** Because the testimony at trial could not be transcribed, it was appellant's responsibility to provide this court with one of the transcript substitutes as provided for in App.R. 9:

(C) Statement of the Evidence or Proceedings When No recording Was Made, When the Transcript of Proceedings Is Unavailable, or When a Recording Was Made But Is No Longer Available for Transcription.

(1) If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10 and the appellee may serve on the appellant objections or propose amendments to the statement within ten days after service of the appellant's statement; these time periods may be extended by the court of appeals for good cause. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

* * *

(D) Agreed Statement as the Record on Appeal.

(1) In lieu of the record on appeal as defined in division (A) of this rule, the parties, no later than ten days prior to the time for transmission of the record under App.R. 10, may prepare and sign a statement of the case showing how the issues raised in the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with additions as the trial court may consider necessary to present fully the issues raised in the appeal, shall be approved by the trial court prior to the time for transmission of the record under App.R. 10 and shall then be certified to the court of

appeals as the record on appeal and transmitted to the court of appeals by the clerk of the trial court within the time provided by App.R. 10.

{¶54}   Once appellant was notified that a transcript was unavailable, it was his obligation to provide this court with a suitable substitute under the appellant rules.

{¶55}   Accordingly, appellant's eighth assignment of error is without merit and is overruled.

{¶56}   For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, J., concurs.

D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the County Court, Eastern Division, of Belmont County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**