[Cite as *State v. Covington*, 2021-Ohio-2907.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190731 |
| | | TRIAL NO. 19CRB-9641C |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| D'ANDRE COVINGTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 25, 2021

*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Chris Brown*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*D'Andre Antrion Covington*, pro se.

**MYERS, Judge.**

{¶1}   Following a jury trial in which he waived his right to counsel and represented himself, defendant-appellant D'Andre Covington was found guilty of falsification and failure to disclose personal information.

{¶2}   Covington now appeals, raising three assignments of error.  First, he argues that the trial court erred in failing to dismiss the charges against him because he was not brought to trial within the allotted speedy-trial time.  Second, he argues that the trial court erred by denying his right to discovery.  And third, he argues that the trial court erred in failing to dismiss the case as a penalty for the state's failure to provide him with a bill of particulars.[1]  Finding no merit to Covington's arguments, we affirm the trial court's judgment.

### Speedy Trial

{¶3}   In his first assignment of error, Covington argues that the trial court erred in failing to dismiss the charges against him because he was not brought to trial within 45 days of his arrest.

{¶4}   Ohio has codified a defendant's constitutional speedy-trial guarantees in R.C. 2945.71.  *State v. Cheatham*, 1st Dist. Hamilton No. C-200142, 2021-Ohio-2495, ¶ 11.  Pursuant to R.C. 2945.71(D), "[a] person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are

---

[1] Covington also alleges in this third assignment of error that his case should have been dismissed for failure to prosecute, prosecutor misconduct, judicial misconduct, cruel and unusual punishment and selective prosecution.  Covington, however, fails to make any substantive argument or point to any part of the record supporting these claims, so we do not address them. *See* App.R. 12(A)(2) and App.R. 16(A)(7).

pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged." Covington was charged with failure to disclose personal information, a misdemeanor of the fourth degree in violation of R.C. 2921.29, and falsification, a misdemeanor of the first degree in violation of R.C. 2921.13.

{¶5} The highest degree of offense with which Covington was charged was a misdemeanor of the first degree. R.C. 2945.71(B)(2) provides that an offender charged with a misdemeanor of the first degree must be brought to trial within 90 days of the offender's arrest or the service of summons. So, contrary to Covington's assertion, the state had to bring Covington to trial on all charges within 90 days of his arrest or the service of summons, and not 45 days.

{¶6} Covington was arrested on April 20, 2019, and brought to trial on November 13, 2019. Because he was brought to trial after the 90-day period set forth in R.C. 2945.71(B)(2) expired, a prima facie violation of the speedy-trial statute was established, and "[t]he state bears the burden to show that actions or events chargeable to the defendant have tolled enough time so that the defendant was tried within the speedy-trial period." *State v. Gage*, 2018-Ohio-480, 104 N.E.3d 994, ¶ 7 (1st Dist.).

{¶7} The time within which an offender must be brought to trial is extended only in certain enumerated situations. R.C. 2945.72. As relevant to this appeal, it is extended by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused" and "[t]he period of any continuance granted on the accused's own motion, and the

period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(E) and (H).

{¶8} Covington was arrested on April 20, 2019, and the speedy-trial time began to run the following day. *See Gage* at ¶ 9. On April 24, 2019, Covington filed a motion for a continuance, and the case was continued until May 23, 2019. While the three-day period between April 21 and April 24 counted against the state for speedy-trial purposes, the time that elapsed from April 24 until May 23 was not chargeable to the state because the case was continued upon Covington's motion. *See* R.C. 2945.72(H).

{¶9} Before returning to court on May 23, Covington filed multiple pretrial motions, including a request for discovery on May 14. He additionally filed "a motion to request for taxpayer identification number and certification," a motion for a more definite statement, a "motion for MAPP hearing," and a "motion to sever[] defendants." When the parties appeared in court on May 23, 2019, the trial court acknowledged the motions that Covington filed and continued the case until June 13, 2019, for a hearing on the motions. Because this delay was attributable to motions filed by Covington, the speedy-trial time was extended during this period. *See* R.C. 2945.72(E).

{¶10} At the hearing on June 13, the trial court ruled on Covington's motions and the case was continued for trial until July 8, 2019, to give the state additional time to provide discovery. This 25-day period was attributable to the state and counted towards the 90-day period it had in which to bring Covington to trial.

{¶11} When the parties returned to court for the July 8 trial setting, they discussed the discovery that was provided to Covington. Covington stated that he

had not received a body-camera video that the state represented had been mailed to him on July 3, 2019. The state produced a copy of the video in court and gave it to Covington. The trial court then continued the case for trial at its own request to allow Covington time to review the video. The record contains an "entry extending time provisions" signed by Covington indicating that he "knowingly and voluntarily" extended the time limitations to bring him to trial from July 8, 2019, until August 19, 2019. Because the case was continued on the court's own request and was reasonable, and because Covington voluntarily extended the time limitations to bring him to trial, the time that elapsed during this period was not attributable to the state. *See* R.C. 2945.72(H); *Gage*, 2018-Ohio-480, 104 N.E.3d 994, at ¶ 10 (where a defendant knowingly and voluntarily extends the time limitations to be brought to trial, the time is not chargeable to the state).

{¶12} In the interim, the parties returned to court on August 1, 2019. At that time, the trial court recognized that Covington had filed a jury demand. Since the case had originally been set for a bench trial, the court directed the assignment commissioner to set the case for a pretrial conference in order to then have it reset for a jury trial. Covington expressed to the court that he was considering hiring an attorney. The trial court converted the previously scheduled trial date of August 19, 2019, into a pretrial conference, in order to allow Covington time to consult with an attorney.

{¶13} On August 16, 2019, Covington filed a motion for a continuance of the pretrial conference set for August 19 because he was "waiting on documents from council and city." At the pretrial conference on August 19, the trial court granted Covington's motion and continued the case until September 6, 2019, for a pretrial

conference. The court stated that Covington needed to decide by September 6 whether he would be represented by an attorney. Because the continuance was at Covington's request, the time that elapsed during this period was not chargeable to the state. *See* R.C. 2945.72(H).

{¶14} The parties returned to court on September 6, and Covington told the court that he had not yet hired counsel. The trial court continued the case until September 18, 2019, for a jury trial and instructed Covington to be prepared for trial, regardless of whether he hired counsel or represented himself. Because this 12-day period was the result of a reasonable continuance ordered by the court, it was not chargeable to the state. *See* R.C. 2945.72(H).

{¶15} On September 18, the parties appeared for the scheduled jury trial. Covington informed the court that he had appointments scheduled in the afternoon and had to leave the courtroom by 1:00 p.m. After the trial court informed him that the proceedings would continue until approximately 4:00 p.m., Covington requested a continuance. The state objected, stating that it was ready to proceed. The trial court granted Covington's request for a continuance. The case was scheduled for a jury trial on November 13, 2019. The record contains an entry signed by Covington indicating that he voluntarily extended the time period in which to bring him to trial from September 18, 2019, until November 13, 2019. Because the continuance was requested by Covington and because he voluntarily waived his speedy-trial rights during this period, it was not chargeable to the state. *See Gage*, 2018-Ohio-480, 104 N.E.3d 994, at ¶ 10. On November 13, a jury was sworn in and Covington was brought to trial.

{¶16} Following our review of the record, we find that from the date Covington was arrested until the November 13, 2019 trial date, at most 28 days chargeable to the state elapsed.[2] Covington was thus tried within the 90-day speedy-trial period, and the trial court did not err in failing to dismiss the charges against him based on the alleged violation of his right to a speedy trial. The first assignment of error is overruled.

### *Discovery*

{¶17} In his second assignment of error, Covington argues that the trial court erred by denying his right to discovery. He contends that the trial court should have dismissed the charges against him when the state failed to disclose evidence, specifically the dash-cam footage that he had requested. We review a trial court's decision in a discovery matter for an abuse of discretion. *State v. Baber*, 1st Dist. Hamilton No. C-190338, 2021-Ohio-1506, ¶ 19; *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592, 664 N.E.2d 1272 (1996). An abuse of discretion connotes an "unreasonable, arbitrary, or unconscionable decision." *Cornell v. Shain*, 1st Dist. Hamilton No. C-190722, 2021-Ohio-2094, ¶ 36, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶18} Covington filed a motion for discovery on May 14, 2019. In this motion, he requested various items, including all video from "body and dash cams." The state responded to Covington's motion for discovery on May 23, 2019. The response indicated that the body-worn camera video and cruiser video had been

---

[2] Even if the 42-day period that elapsed between July 8 and August 19 (for which Covington knowingly and voluntarily extended the time to bring him to trial) counted against the state while it waited to receive the video evidence that Covington requested in discovery, Covington was still brought trial to trial within the 90-day speedy-trial period, as at most 70 days chargeable to the state would have elapsed.

requested, and would be forwarded upon receipt. During a pretrial conference on May 23, 2019, the parties discussed Covington's discovery requests with the court. The state represented that it had complied with Crim.R. 16 and provided Covington with all materials to which he was entitled. It explained that it had requested the body-worn camera and cruiser videos, but had yet to receive them. The trial court found that pending completion of the discovery, the state had complied with its obligation under Crim.R. 16.

{¶19} At a subsequent hearing on June 13, 2019, the court asked for an update on the state's production of the requested video evidence. The prosecutor stated that he had received an unredacted version of the body-worn camera video, but was still awaiting the redacted version, which would be forwarded to Covington upon receipt.[3] Covington asked if he could move to dismiss the charges because he had yet to receive the video evidence, but the trial court stated that because the state was in the process of complying with the discovery demand, and because the case was still within a reasonable time for the production of discovery, it was going to give the state the opportunity to do so. The court instructed the state to produce the evidence by July 3, 2019. The state confirmed that the evidence needed to be postmarked by that date.

{¶20} When the parties returned to court on July 8, 2019, the state represented that the body-worn camera video was mailed to Covington on July 3. Covington stated that he had not received the evidence. The state then provided Covington with a copy of the video in court. After Covington expressed frustration

---

[3] The video needed to be edited to blur an officer's mobile computer and notes which contained personal identifying information not otherwise discoverable. The court reviewed the unedited video and agreed it should be redacted.

about the delay in receiving the video, the court stated, "There are reasons why just kind of anecdotally with the advent of the body worn cameras, the City of Cincinnati is inundated with requests for the body worn camera. They don't have enough people to process it. So therefore the courts, all of the judges in this Courthouse give latitude to the City when it comes to the request for the production of that information." It further explained that "[w]e are not trying this case by surprise. I give them the opportunity because I want you to have that evidence. If there is evidence that shows you are not guilty of this, and it bears out in that body worn camera, you should have the right to have that. So that's the approach I am taking and I think it is fair for both sides to handle it that way." The court then continued the case at its own request to give Covington time to review the video evidence.

{¶21} At a hearing on August 1, 2019, Covington told the court that the video he received did not contain the "dash cam stop." The state responded that it gave Covington all the evidence in its possession. The court indicated that Covington was entitled to the dash-cam video if it was maintained. It stated that:

> You have got to understand this. Okay. You made a demand for discovery. The prosecution provides the response to the discovery. The prosecution represents the city but the police department maintains those items, maintains that evidence. It gets to a prosecutor by request. All right. [The prosecutor] said that if they have it. They can't miraculously make it appear. If they have it, they will turn it over. If they had it and didn't turn it over and it's been deleted, then you can raise an issue in that regard with a separate motion. However,

I simply want to make sure that you have received the information the prosecutor has.

The court instructed the state to inquire again into whether dash-cam video existed. Covington filed no additional motions regarding the dash-cam video, and during a pretrial conference on August 19, 2019, the prosecutor stated that it had given Covington "all of the copies of the video that [it] had."

{¶22} Following our review of the record, we find no abuse of discretion on the part of the trial court in its handling of the discovery issues. It was reasonable for the trial court to extend the time for the state to produce the requested video evidence until July 3. When extending the time for the state to produce the video evidence, the court recognized that the city was inundated with requests for body-worn camera evidence and explained that because the city lacked enough employees to process those requests, the court granted latitude to the city regarding the production of that information. It was also reasonable for the trial court to order the state to inquire further into the existence of the dash-cam video. The trial court informed Covington that he had the right to file an additional motion regarding the dash-cam video if the parties learned that the video existed but the state had failed to produce it, or if it once existed and had since been destroyed. Covington failed to file any additional motions regarding discovery, such as a motion for sanctions for failure to produce evidence, the destruction of evidence, or the failure to maintain evidence.

{¶23} There was nothing arbitrary, unreasonable, or unconscionable in the trial court's handling of the discovery issues. The second assignment of error is accordingly overruled.

### *Bill of Particulars*

{¶24} In his third assignment of error, Covington broadly asserts that "the trial court erred by denying appellant's motions to dismiss for failure to prosecute, failure to provide bill of particulars, prosecutor misconduct, judicial misconduct and cruel and unusual punishment by selectively prosecuting with prejudice and discrimination." However, in support of this assignment of error he only advances arguments supporting his contention that the state failed to provide him with a bill of particulars.

{¶25} Pursuant to both App.R. 12(A)(2), which provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)," and App.R. 16(A)(7), which provides that an appellant must provide an argument and "the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," we only address Covington's arguments concerning the state's failure to provide a bill of particulars.

{¶26} At a hearing on May 23, 2019, the trial court stated that it would not permit Covington to file any additional motions absent leave of court. Covington filed a motion for a bill of particulars on July 16, 2019, after the court's motion deadline and without leave of court. The trial court never entered a ruling on this motion, so we presume that it was overruled. *See Rummelhoff v. Rummelhoff*, 1st Dist. Hamilton No. C-190355, 2020-Ohio-2928, ¶ 28.

{¶27} A conviction should only be reversed for the failure to provide a timely requested bill of particulars where the appellant establishes that his "lack of

knowledge concerning the specific facts a bill of particulars would have provided him actually prejudiced him in his ability to fairly defend himself." *State v. Chinn*, 85 Ohio St.3d 548, 569, 709 N.E.2d 1166 (1999); *Shadyside v. Givens*, 7th Dist. Belmont No. 18 BE 0046, 2021-Ohio-1375, ¶ 39. The purpose of a bill of particulars is to provide a defendant with the specific nature of the offenses charged and the conduct alleged to constitute the offenses. *Shadyside* at ¶ 40. If that same information is provided in the complaint, the failure to provide a bill of particulars is harmless. *Id.*

{¶28} The complaint filed against Covington alleged that Covington, in an official proceeding and with purpose to mislead a public official in performing her official function, knowingly made a false statement by stating to the arresting officer that his name was D'Andre Antrion. The information in the complaint provided Covington with the nature of the offense charged and his conduct that allegedly constituted the offense. Not only was Covington's motion for a bill of particulars not timely filed and done without leave of court, but any error in failing to provide him with the bill of particulars was harmless because he obtained the same information from the complaint.

{¶29} The third assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.